**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 16, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.     2025AP440**

**STATE OF WISCONSIN**

Cir. Ct. No.  2024CV739

**IN COURT OF APPEALS**
**DISTRICT IV**

JAMES S. CERRONI,

   PLAINTIFF-RESPONDENT,

 V.

TERRANCE W. HEFTY,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Rock County: ASHLEY J. MORSE, Judge. *Affirmed*.

Before Graham, P.J., Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Paul Hefty appeals a circuit court order granting James Cerroni's motion for default judgment and denying Hefty's motion for

relief from that order under WIS. STAT. § 806.07(1) (2023-24).[1] Hefty argues that he is entitled to relief from judgment under WIS. STAT. § 806.07(1). We reject Hefty's arguments and affirm.

## BACKGROUND

¶2 Cerroni filed an action against Hefty alleging unjust enrichment and conversion. The claims arose out of a dispute concerning the administration of Jon Follendorf's estate and the disposition of an investment portfolio that had belonged to Follendorf.

¶3 Hefty did not timely file a responsive pleading, and Cerroni moved for default judgment. Hefty, through Attorney Nancy Thome, opposed that motion and moved to enlarge the time to file an answer. At a hearing on the motion, Hefty testified, and Thome represented, that after Hefty was served with the summons and complaint, he contacted Thome's office. Thome was dealing with a family emergency and was out of the office for an extended period of time, but Hefty left the documents at Thome's office. Hefty believed that Thome was already representing him because on an earlier occasion, regarding a separate lawsuit related to the Follendorf estate, he (and others) had consulted with Thome, and Hefty believed that one of the other individuals had paid Thome $300. Thome described the $300 as a "consulting fee." She stated that she was not representing Hefty at that time and only began to represent him after she had returned to the

---

[1] Paul Hefty was the original appellant. After briefs were submitted, Terrance Hefty, as Special Administrator of Paul Hefty's Estate, moved to be substituted as appellant because of Paul Hefty's death. We granted the motion. For simplicity, we refer to the appellant as "Hefty," meaning Paul Hefty.

All references to the Wisconsin Statutes are to the 2023-24 version.

2

office and reviewed the summons and complaint, which was after the deadline for filing an answer had passed. Hefty noticed that the summons and complaint had a deadline to respond, but he did not take note of the specific date, his work schedule had been "very chaotic," he was "forgetful on certain dates and stuff," and he was not worried about the deadline because he had "known postponements all the time in court."

¶4 The circuit court denied Hefty's motion to enlarge the time to file an answer and granted Cerroni's motion for default judgment because it determined that Hefty had not shown excusable neglect.

¶5 After the circuit court's ruling, Hefty, represented by new counsel, moved the court, among other things, for relief under WIS. STAT. § 806.07(1) from the court's order granting default judgment in favor of Cerroni. In his motion, Hefty argued that he had received cognitive testing and that his score was "consistent for mild neurocognitive disorder," and that he had received a referral to neurology. At a hearing on his motion, Hefty's new counsel also discussed the facts surrounding Hefty's default and argued that "this is … a classic case of excusable neglect."

¶6 The circuit court denied Hefty's motion. The court explained that it had the benefit of seeing Hefty testify at the hearing on Cerroni's motion for default judgment, that it had reviewed the transcripts, and that its "impression of Mr. Hefty wasn't that he was suffering from a significant cognitive issue." The court found that during his testimony, Hefty appeared "to be able to follow along and was responding appropriately to questions." The court found that it was unreasonable for Hefty to believe that Thome already represented him in this action simply because Hefty had met with Thome on an earlier occasion before he

3

had been served with the summons and complaint in this action. The court also found that Hefty had left the summons and complaint at Thome's office but had not followed up when he did not hear back from Thome. The court found that Hefty knew of the deadline but believed it could be postponed and the court stated that its "impression of the testimony was that he just lost track of time, was busy with work, and didn't follow-up." The court further found that Hefty did not contact the court after not hearing back from Thome, that there was no evidence that Hefty had paid any retainer, and that Thome's office had informed Hefty that Thome was not his attorney because Hefty had not paid her but yet the court was "expected to believe that despite being told [this] that he thought [she] was his attorney anyway." The court ultimately determined that Hefty again failed to show excusable neglect, concluding that "nothing that's been filed in the motion changes my decision or impression of the testimony of Mr. Hefty's cognitive capabilities."

¶7     Hefty appeals.[2]

## DISCUSSION

¶8     Hefty argues that he is entitled to relief from judgment under WIS. STAT. § 806.07(1), which lists a number of different reasons that a circuit court "may relieve a party or legal representative from a judgment, order or stipulation."

---

[2] Cerroni's brief does not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs. *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover"). As our supreme court explained when it amended the rule, the pagination requirement ensures that the numbers on each page of the brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief. S. Ct. Order 20-07 cmt. at x1.

Whether to grant relief from judgment pursuant to § 806.07 lies within the discretion of the circuit court. ***Milwaukee Women's Med. Serv., Inc. v. Scheidler***, 228 Wis. 2d 514, 524, 598 N.W.2d 588 (Ct. App. 1999). "A circuit court erroneously exercises its discretion when it fails to examine the relevant facts, applies the wrong legal standard, or does not employ a demonstrated rational process to reach a reasonable conclusion." ***Borreson v. Yunto***, 2006 WI App 63, ¶6, 292 Wis. 2d 231, 713 N.W.2d 656. The court's findings of fact will not be set aside unless they are clearly erroneous. ***Buchholz v. Schmidt***, 2024 WI App 47, ¶64, 413 Wis. 2d 308, 11 N.W.3d 212.

¶9      Specifically, Hefty argues that he is entitled to relief from the default judgment under WIS. STAT. § 806.07(1)(a) based on excusable neglect and under para. (1)(h) based on extraordinary circumstances. Addressing each argument in turn, we reject Hefty's argument under para. (1)(a) because Hefty fails to show that the circuit court erroneously exercised its discretion, and we reject Hefty's argument under para. (1)(h) because Hefty forfeited it by failing to raise it in the circuit court.[3]

---

[3] In Hefty's notice of appeal, and at times in his appellate briefing, he states that he is appealing both the circuit court order granting Cerroni's motion for default judgment and the court's subsequent denial of his motion for relief under WIS. STAT. § 806.07. In fact, however, the arguments in Hefty's appellate briefing are limited to his challenge of the court's denial of his § 806.07 motion. To be sure, Hefty cites case law addressing what a court must consider when deciding a motion for default judgment, and he argues in two sentences that he "filed his answer eight days late" and "[t]here was no substantial delay creating prejudice to [Cerroni]," but these statements appear to be in the context of addressing the denial of his § 806.07 motion. Moreover, if Hefty does mean to argue that the court erroneously exercised its discretion when it granted Cerroni's motion for default judgment, that argument is undeveloped. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (explaining that this court need not consider arguments that are unsupported by legal authority or are otherwise undeveloped).

*WISCONSIN STAT. § 806.07(1)(a)*

¶10  Hefty argues in a cursory fashion that the circuit court "erred by determining that no excusable neglect had been shown." In support of this argument, Hefty merely recites the facts regarding his communications with Thome's office after he was served with the summons and complaint and that he has been diagnosed with a "mild neurocognitive disorder." However, Hefty does not account for the relevant standard of review in that he does not develop an argument that the court erroneously exercised its discretion. That is, Hefty does not argue that the court "fail[ed] to examine the relevant facts, applie[d] the wrong legal standard, or [did] not employ a demonstrated rational process to reach a reasonable conclusion." ***Borreson***, 292 Wis. 2d 231, ¶6. Nor does he argue, much less demonstrate, that any of the findings underlying the court's exercise of discretion were clearly erroneous. Hefty thus fails to show that the circuit court erroneously exercised its discretion.

*WISCONSIN STAT. § 806.07(1)(h)*

¶11  Hefty also argues that the circuit court should have granted his motion for relief under WIS. STAT. § 806.07(1)(h), which provides that a court may grant relief from judgment based on "[a]ny other reasons justifying relief from the operation of the judgment." *See also **State ex rel. M.L.B. v. D.G.H.***, 122 Wis. 2d 536, 550, 363 N.W.2d 419 (1985) (stating that paragraph (1)(h) "should be used sparingly": only when there are "extraordinary circumstances" and "only when … the sanctity of the final judgment is outweighed by 'the incessant command of the court's conscience that justice be done in light of all the facts.'" (emphasis and quoted source omitted)). However, as Cerroni points out, Hefty failed to raise an argument based on § 806.07(1)(h) before the circuit court.

Although Hefty did not specify which subsection of § 806.07(1) he was relying on in his motion, at the hearing on his motion, he argued "this is … a classic case of excusable neglect." This reference shows that he was relying on para. (1)(a) and not on para. (1)(h) in his argument before the circuit court.

¶12 In response to Cerroni's argument that Hefty did not raise an argument under WIS. STAT. § 806.07(1)(h) in the circuit court, Hefty states that he "argued the extraordinary circumstances outlined in [his appellant's] brief …, which relate both to excusable neglect [under para. (1)(a)] and extraordinary circumstances [under para. (1)(h)]." To the extent that Hefty means to argue that he preserved his argument under para. (1)(h) simply by relying on facts in the circuit court that could have been used to support an argument under para. (1)(h), we reject that argument, particularly given that he only mentioned excusable neglect at the subsequent hearing on the motion and never mentioned extraordinary circumstances or para. (1)(h). *See Townsend v. Massey*, 2011 WI App 160, ¶25, 338 Wis. 2d 114, 808 N.W.2d 155 ("[T]he forfeiture rule focuses on whether particular arguments have been preserved, not on whether general issues were raised before the circuit court.").

¶13 Because Hefty failed to raise this argument before the circuit court, we do not consider it. *See Schill v. Wisconsin Rapids Sch. Dist.*, 2010 WI 86, ¶45 & n.21, 327 Wis. 2d 572, 786 N.W.2d 177 (explaining that issues not raised in the circuit court are forfeited, and supporting the proposition that appellate courts generally do not address forfeited issues).[4]

---

[4] Alternatively, Hefty argues that we may consider the issue even if he forfeited it. We decline to do so.

## CONCLUSION

¶14 For the reasons stated, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.